# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# DENVER DIVISION

CIVIL NO. _____

**DOMINGO RUIZ and MICHAEL BRYANT, Individually and On Behalf of All Others Similarly Situated,**

**Plaintiffs,**

**V.**

**ACT FAST DELIVERY OF COLORADO, INC.; POWERFORCE OF COLORADO, INC.; and JOHN L. JACKSON,**

**Defendants.**

**JURY TRIAL DEMANDED**

---

**PLAINTIFFS' ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT & JURY DEMAND**

---

## SUMMARY

1.      Defendants Act Fast Delivery of Colorado, Inc., Powerforce of Colorado, Inc., and John L. Jackson ("Defendants") required Plaintiffs Domingo Ruiz and Michael Bryant ("Plaintiff") to work more than forty (40) hours in a workweek as delivery drivers. Plaintiffs are piece rate paid employees who delivered packages for Defendants. Defendants misclassified Plaintiffs as independent contractors and as such paid them straight time for overtime hours

1

worked. Furthermore, Defendants failed to pay the applicable state and federal minimum wage to Plaintiffs.

2. Defendants' conduct violates the Fair Labor Standards Act, which requires non-exempt employees to be compensated for all hours in excess of forty (40) in a workweek at one and one-half times their regular rate, s*ee* 29 U.S.C. § 207(a) and which requires employees to be paid the minimum wage, *see* 29 U.S.C. § 206(a).

3. Plaintiffs bring a collective action to recover unpaid overtime compensation and minimum wages owed to them individually and on behalf of all current and former piece rate paid workers who performed delivery driving work for Defendants throughout Colorado during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

4. Plaintiffs also bring their claims under the Colorado Wage Claim Act, *see* COLO. REV. STAT. §§ 8-4-101, *et seq.* ("CWCA") as implemented by the applicable minimum wage orders for Defendants' failure to pay Plaintiffs, and other similarly-situated persons, all earned overtime and minimum wage for work performed in Colorado. Plaintiffs bring these state law claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

**SUBJECT MATTER JURISDICTION AND VENUE**

5. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1332(d)(1).

6. This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.

7. Venue is proper in the District of Colorado, Denver Division because a substantial portion of the events forming the basis of this suit occurred in this District, and Defendants do a significant percentage of their business in this District.

## PARTIES AND PERSONAL JURISDICTION

8. Plaintiff Domingo Ruiz is an individual residing in Pueblo County, Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "A."

9. Plaintiff Michael Bryant is an individual residing in Arapahoe County, Colorado. Plaintiff's written consent to this action is attached hereto as Exhibit "B."

10. The "Class Members" are all current and former workers who performed delivery driving work for Defendants throughout Colorado during the three-year period before the filing of this Complaint to the present.

11. Defendant Act Fast Delivery of Colorado, Inc. is a domestic corporation doing business for profit in Colorado. Defendant may be served process through its registered agent John Jackson at 2100 S. Cherry Street, Number 210, Denver, Colorado 80202.

12. Defendant Powerforce of Colorado, Inc. is a domestic corporation doing business for profit in Colorado. Defendant may be served process through its registered agent John Jackson at 2100 S. Cherry Street, Number 210, Denver, Colorado 80202.

13. Defendant John L. Jackson is an individual that resides and works in Denver, Colorado. Defendant Jackson may be served process at 2100 S. Cherry Street, Number 210, Denver, Colorado 80202.

14. Personal jurisdiction is appropriate over Defendants as they are Colorado residents. Specific jurisdiction is also appropriate over Defendant Jackson because he acted

intentionally to classify citizens of Colorado as independent contractors and the injuries of Plaintiff and Class Members arise out of that decision.

## COVERAGE

15. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

16. At all material times, Defendants have been an employer within the meaning of CO. REV. STAT. § 8-4-101(5) and the applicable Colorado Minimum Wage Orders.

17. Plaintiffs and Class Members perform work incidental to retail and service, commercial support service, and health and medical industries within the meaning of the applicable Colorado Minimum Wage Orders.

18. Defendants are in the retail and service industry within the meaning of the Colorado Minimum Wage Order because they offer delivery services to other business or enterprises that sell or offer for sale goods and services to the consuming public. Furthermore, Defendants offers services that will not be made available for resale.

19. Defendants are in the commercial support service industry within the meaning of the Colorado Minimum Wage Order because they provide delivery services to other commercial firms.

20. Defendants are in the health and medical industry within the meaning of the Colorado Minimum Wage Order because their delivery services are connected with or incidental to the provision of medical care.

21. At all material times, Defendants have been an enterprise within the meaning of 3(r) of the FLSA. 29 U.S.C. § 203(r).

22. At all material times, Defendants have been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

23. Furthermore, Defendants have an annual gross business volume of not less than $500,000.

24. At all material times, Plaintiff and Class Members were individual employees who engaged in commerce or in the production of goods for commerce as required by 29 USC § 206-207.

25. At all material times, Plaintiff and Class Members were employees of Defendants with the meaning of Co. Rev. Stat. § 8-104-101(4) and the applicable Colorado Minimum Wage Orders.

26. Defendant Powerforce of Colorado, Inc. ("Powerforce") is the successor in interest to Defendant Act Fast Delivery of Colorado, Inc ("Act Fast").

27. In 2012, Powerforce assumed operations for Act Fast in Colorado. The change was largely semantic because of the substantial continuity of operations between Act Fast and Powerforce:

    a. Both entities have the same incorporator;

    b. Both entities used the same workforce;

    c. Both entities had the same customers;

    d. Both entities operate from the same locations;

    e. Both entities employ the same method of deliveries;

5

    f. Working conditions for Plaintiffs and Class Members are the same under both entities; and

    g. Both entities employ the same supervisors.

28. Powerforce can provide the relief sought in the suit.

29. As such, Powerforce, as the successor entity is directly liable for the violations of federal and state law that Act Fast perpetrated.

30. At all times material to this action, Defendant Jackson has been the president of both corporate defendants.

31. At all times material to this action, Defendant Jackson has had the authority over personnel decisions for Powerforce and Act Fast.

32. At all times material to this action, Defendant Jackson has had the ability to hire and fire employees for Powerforce and Act Fast.

33. At all times material to this action, Defendant Jackson supervised the daily work of employees at Powerforce and Act Fast.

34. At all times material to this action, Defendant Jackson determined the rate of pay for Plaintiffs and Class Members.

35. At all times material to this action, Defendant Jackson classified and paid Plaintiffs and Class Members as independent contractors.

36. As such Defendant Jackson is an employer within the meaning of Section 3(d) of the FLSA and is individually liable for any judgment assessed in this action.

## **FACTS**

37. Defendants provide delivery services throughout the state of Colorado.

38. Defendants' drivers, such as Plaintiffs, pick-up and deliver a variety of packages, including medical supplies, medical documents, legal documents, and flower deliveries.

39. Defendants advertise themselves as a delivery company with bases of operation in Denver, Grand Junction, Pueblo, Cortez, Fort Collins, and Greely.

40. On its website, Defendant Powerforce notes that its drivers and dispatchers are independent contractors.

41. The primary duties of Defendants' drivers are to pick up and deliver materials ordered by Defendants' customers according the instructions of those customers.

42. As compensation for their work, Defendants pay their drivers a predetermined rate for each delivery or set of deliveries. That is, Defendants compensate their drivers solely on a piece-rate basis.

43. Defendants do not pay their drivers on an hourly or salary basis.

44. Defendants do not pay their drivers for time spent traveling between jobs.

45. The drivers have a regimented delivery schedule and work the same or similar hours on a daily basis, as is typical of employees.

46. By way of example, Plaintiff Bryant was required to appear at his assigned warehouse five nights a week, pick up his set of deliveries, make those deliveries, then return to the warehouse for his next delivery. The process would repeat until the conclusion of his shift.

47. Defendants require specific paperwork to be completed for each job, but did not compensate Plaintiff and Class Members for the time required to complete such paperwork.

48. Defendants hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiffs and Class Members.

49. In addition, Defendants instructed Plaintiffs and Class Members about when, where, and how they were to perform their work. The following conduct further demonstrates that Defendants acted as Plaintiffs' and Class Members' employers:

   a. Defendants required Plaintiffs and Class Members to log in every shift through either a portable scanner or their cell phones;

   b. Defendants required Plaintiffs and Class Members to scan information and obtain customer signatures into their portable devices at the completion of each job and prior to proceeding to the next job;

   c. Defendants required Plaintiffs and Class Members to complete comprehensive paperwork for every job in order to monitor what deliveries were completed and when;

   d. Defendants required Plaintiffs and Class Members to wear a shirt with the company logo while on duty;

   e. Defendants issued work schedules to Plaintiffs and Class Members;

   f. Defendants provided on the job training to Plaintiff and the Class Members instructing them precisely how to perform each task;

   g. Plaintiffs and Class Members work so many hours per week for Defendants that they are effectively precluded from working for other employers;

   h. Defendants requires Plaintiffs and Class Members to work more than 40 hours per week;

   i. Plaintiffs and Class Members are required to perform their work and make their deliveries in an order set by Defendants;

    j. Defendants maintained the right to discharge Plaintiffs and Class Members at will.

50. Furthermore, Plaintiffs and Class Members have no opportunity for profit or loss based on their managerial skills. The only way Plaintiffs or Class Members could make more money was to make more deliveries.

51. Defendants' piece-rate compensation scheme is non-negotiable and presented to Plaintiffs and Class Members on a take-it-or-leave-it basis.

52. Defendants' investment in the business far outstrips that of Plaintiff and Class Members. Defendants advertise throughout the state, employee office staff, lease office space, hire accountants and attorneys, and pay utilities. Plaintiffs' and Class Members' investment in the business are virtually non-existent.

53. Plaintiffs and Class Members work for Defendants for an extended period of time, often years, as is typical of employees. Some Class Members have worked for Defendants, performing the same delivery duties as independent contractors, since 2003.

54. The delivery work performed by Plaintiffs and Class Members requires no skill beyond driving a car and operating a cell phone. There is no education requirement to be a driver for Defendants and the only licensing requirement is a valid driver's license.

55. Defendants operate a delivery business and the drivers are an integral component of that business. Without the delivery drivers, Defendants would be unable to make deliveries.

56. A majority of Defendants' revenue is derived from the deliveries Plaintiffs and Class Members make.

57. Based on the foregoing, the economic reality is that Defendants, Plaintiffs, and Class Members enjoyed an employer-employee relationship, and that Plaintiff and Class Members were erroneously classified as independent contractors.

58. Defendants classified their employees as independent contractors to avoid their obligations to pay employees pursuant to the FLSA as well as to reap other benefits of such illegal classification such as reduced tax liability, avoiding paying workers' compensation insurance, and other forms of insurance and to pass on Defendants' operational costs to their work force.

59. Although Plaintiffs and Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

60. Furthermore, Plaintiffs did not receive overtime pay for hours worked in excess of twelve hours a day or forty per workweek as required by Colorado state law.

61. No exemptions under the CWCA or the applicable Minimum Wage Orders apply to Plaintiffs or Class Members that would exclude them from overtime or the minimum wage had Defendants classified them as employees.

62. Defendants' method of paying Plaintiffs and Class Members in violation of the FLSA was willful and was not based on a good faith and reasonable belief that their conduct complied with the FLSA. That is, Defendants' misclassification was not by accident, but a well thought out scheme to reduce their labor costs.

## COLLECTIVE ACTION ALLEGATIONS

63. Plaintiffs have actual knowledge that Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendants' misclassification of their employees.

64. Plaintiffs' knowledge is based on their personal work experience and through communications with other workers of Defendants while performing work throughout Colorado.

65. Other piece-rate paid workers similarly situated to the Plaintiffs work for Defendants throughout Colorado, but are not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek.

66. Although Defendants permitted and/or required Class Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40).

67. Defendants have classified and continue to classify Class Members as independent contractors.

68. Class Members perform or have performed the same or similar work as Plaintiffs and were misclassified as independent contractors by Defendants.

69. Class Members are not exempt from receiving overtime pay under the FLSA.

70. As such, Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

71. Defendants' failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of Class Members. That is, all Class Members were victims of a common scheme by Defendants to classify their driver workforce as independent contractors.

72. The experiences of Plaintiffs, with respect to theirs pay, hours, and duties are typical of the experiences of Class Members.

73. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

74. All Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

75. Although the exact amount of damages may vary among Class Members, the damages for Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendants that caused harm to all Class Members.

76. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> All current and former delivery drivers classified as independent contractors who performed work for Defendants in Colorado during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

### COUNT I: VIOLATION OF 29 U.S.C. § 206 (COLLECTIVE ACTION)

77. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

78. Defendants failed to pay the federal minimum wage enunciated in 29 U.S.C. § 206(a).

79. In certain weeks, the amount of compensation received by the Plaintiffs divided by the number of hours worked was less than $7.25 an hour.

80. None of the exemptions to minimum wage in the FLSA or its implementing regulations excuse Defendants' failure to pay the minimum wage.

### COUNT II: VIOLATION OF 29 U.S.C. § 207 (COLLECTIVE ACTION

81. Plaintiffs incorporate all allegations contained in the foregoing paragraphs.

82. Defendants' practice of failing to pay Plaintiff time-and-a-half rate for hours in excess of forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

83. None of the exemptions provided by the FLSA or its implementing regulations regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Defendants or Plaintiffs.

**COUNT III:  VIOLATION OF COLORADO WAGE CLAIM ACT (CLASS ACTION)**

84. Plaintiff and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

85. At all relevant times, Defendants have been, and continue to be, "employers" within the meaning of the CWCA. At all relevant times, Defendants have employed and continue to employ, "employees," including the Class Members and Plaintiffs, within the meaning the CWCA.

86. As a result of the foregoing conduct, as alleged, Defendants have failed to pay wages, including overtime and the state minimum wage, due under the CWCA and the Colorado Minimum Wage Act, *see* COLO. REV. STAT. § 8-4-101, *et seq.*, as implemented by the Minimum Wage Order, thereby violating, and continuing to violate, the CWCA. These violations were committed knowingly, willfully and with reckless disregard of applicable law.

87. As a result, Plaintiffs has been damaged in an amount to be determined at trial. Plaintiffs, on behalf of themselves and on behalf of the Class Members, hereby demand payment as contemplated by the CWCA in an amount sufficient to reimburse Plaintiffs and the Class Members for all unpaid wages.

## CLASS ACTION ALLEGATIONS

88. Plaintiff and the Class Members allege and incorporate by reference the allegations in the preceding paragraphs.

89. Plaintiff brings his overtime claims arising under the CWCA and Colorado Minimum Wage Order 27-30 as a Rule 23 class action on behalf of the following class:

> All current and former delivery drivers of Defendants in Colorado who were paid for at least one week as an independent contractor during the three-year period before the filing of this Complaint up to the present.

90. Although Plaintiffs do not know the precise number of members of the proposed class, there are believed to number in the hundreds.

91. The members of the class are so numerous that their individual joinder is impractical.

92. The identity of the members of the class is readily discernible from Defendants' records.

93. Plaintiffs and the proposed class on one hand, and Defendants on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

94. Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

  a) Whether Plaintiffs and the Class Members worked hours in excess of forty per work week;

  b) Whether Plaintiffs and the Class Members did not receive the applicable Colorado state minimum wage for each hour worked;

c) Whether Plaintiffs and the Class Members worked hours in excess of 12 per day;

d) Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate as proscribed by Colorado Law;

e) Whether Defendants' actions were willful;

f) Whether Defendants failed to properly classify Plaintiff and Class Members as employees under Colorado Law.

95. Defendants are expected to raise common defenses to this class action, including the denial that their actions violated the law.

96. These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

97. Plaintiffs' claims are typical of the claims of the class because Plaintiffs were not paid overtime wages or the minimum wage in accordance with Colorado law and because Defendants classified them as an independent contractors.

98. Plaintiffs are adequate representatives of the class because their interests do not conflict with the interests of the class that they seek to represent. Plaintiffs have retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiffs and their counsel.

99. The class action under Colorado state law is superior to other available means of fair and efficient adjudication of the state law claims of Plaintiffs and the Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated

by Defendants' conduct. It would be virtually impossible for members of the class individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## DAMAGES SOUGHT

100.   Plaintiffs and the Class Members are entitled to recover their unpaid overtime and minimum wage compensation.

101.   Plaintiffs and the Class Members are entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

102.   Plaintiffs and the Class Members are entitled to recover attorney's fees and costs as required by the FLSA, the CWCA, and the Colorado Minimum Wage Act, as implemented by Colorado Minimum Wage Orders 28-30.  29 U.S.C. § 216(b); COLO. REV. STAT. § 8-6-118.

## JURY DEMAND

103.    Plaintiffs and Class Members hereby demand trial by jury on all issues.

## PRAYER

104.    For these reasons, Plaintiffs and Class Members respectfully request that judgment be entered in their favor awarding them the following:

- a. Overtime compensation for all hours worked over forty in a workweek, twelve hours in a workday, or twelve consecutive hours at the applicable time-and-a-half rate;

b. Liquidated damages in an amount equal to their unpaid overtime as allowed under the FLSA;

c. Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

d. Such other and further relief to which Plaintiff and Class Members may be entitled, at law or in equity.

Respectfully submitted,

KENNEDY HODGES, L.L.P.

By: ‎ /s/ Galvin B. Kennedy‎
 Galvin B. Kennedy
 Gkennedy@kennedyhodges.com
 Texas State Bar No. 00796870
 711 W. Alabama St.
 Houston, TX 77006
 Telephone: (713) 523-0001
 Facsimile: (713) 523-1116

LEAD ATTORNEY IN CHARGE FOR PLAINTIFF AND CLASS MEMBERS

Of Counsel:
John A. Neuman
Texas State Bar No. 24083560
jneuman@kennedyhodges.com
KENNEDY HODGES, L.L.P.
711 W. Alabama St.
Houston, Texas 77006
Telephone: (713) 523-0001
F 713.523.1116