# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:14-cv-00870-MSK-BNB

DOMINGO RUIZ and
MICHAEL BRYANT,

    Plaintiffs,

v.

ACT FAST DELIVERY OF COLORADO, INC. and
POWERFORCE OF COLORADO, INC.

    Defendants.

## PROTECTIVE ORDER

This matter comes before the Court on the parties' Stipulated Motion for Entry of Protective Order. The Court has reviewed that Motion. The Motion is meritorious and acceptable. Therefore, IT IS ORDERED:

1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

2.    As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that the producing party designates in good faith should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Order, the parties will limit their designation of "CONFIDENTIAL" to the following categories of information or documents:

Any non-public discovery material that counsel for the Producing Party has determined in good faith contains, reflects, or reveals:

(a) trade secret information (as defined by relevant law);

(b) proprietary confidential information ~~such as research or development information,~~ or commercially or competitively sensitive information that would more likely than not cause competitive harm to the business operations of the Producing Party ~~including, but not limited to:~~

~~(i) business/strategic plans;~~

~~(ii) sales, cost, and price information, including sales/financial projections;~~

~~(iii) non-public marketing information;~~

~~(iv) non-public detailed sales and financial data;~~

~~(v) customer lists; (vi) non-public technical information; or~~

~~(vi) other non-public information of competitive, financial, or commercial significance comparable to the items listed in this subparagraph; or~~

(c) confidential, non-public personal information concerning individuals.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall be used solely for the purpose of this action, and shall

2

not, without the consent of the party producing it or further Order of the Court, be used, transferred, disclosed or communicated in any way, except that such information may be disclosed to:

    (a)    attorneys actively working on this case;

    (b)    persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c)    the parties, including designated representatives for Defendants;

    (d)    expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    (e)    the Court and its employees ("Court Personnel");

    (f)    stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    (g)    deponents, witnesses, or potential witnesses; and

    (h)    other persons by written agreement of the parties.

    5.    Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such written assurances shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7. In the event Electronically Stored Information ("ESI") is disclosed or discovered in the course of this litigation, including, but not limited to, ESI provided in a native format on hard disks or other magnetic data storage disks, removable disks and/or drives, portions thereof, or digital images of data storage disks or drives, such information may be designated as CONFIDENTIAL in a written communication or in an electronic mail message to the non-producing party.

8. Any party who inadvertently fails to identify documents or information as CONFIDENTIAL shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any party receiving such improperly-designated documents shall promptly retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. Any party who inadvertently discloses documents that are privileged or otherwise immune from discovery shall, promptly upon discovery of such inadvertent disclosure, so advise the receiving party and request that the documents be returned. The receiving party shall return such inadvertently produced documents, including all copies and copies the receiving party provided to any other individual or entity, within 14 days of receiving such a written request.

10. **Any request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~Any pleadings, exhibits or filings which contain CONFIDENTIAL~~

~~information, or testimony designated as CONFIDENTIAL, shall be filed with the Court as a restricted document in accordance with D.C.COLO.LCivR 7.2(D) and in conjunction with the filing of a motion to restrict access, in accordance with D.C.COLO.LCivR 7.2(B).~~ Prior to disclosure at trial or a hearing regarding CONFIDENTIAL information, the parties may seek further protections against public disclosure from the Court.

11.     Whenever a deposition involves the disclosure of CONFIDENTIAL information, the portions thereof that involve the disclosure of CONFIDENTIAL information shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript. Transcript pages containing CONFIDENTIAL information must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the party or non-party offering or sponsoring the witness or presenting the testimony.

12.     A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Protective Order. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an

appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

13. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

14. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated August 11, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge