**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:14-cv-00870-MSK-BNB

DOMINGO RUIZ and
MICHAEL BRYANT,

     Plaintiffs,

v.

ACT FAST DELIVERY OF COLORADO, INC. and
POWERFORCE OF COLORADO, INC.

     Defendants.

---

**REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

Defendants Act Fast Delivery of Colorado, Inc. ("Act Fast") and Powerforce of Colorado, Inc. ("Powerforce") ("Defendants"), by and through their counsel, Ogletree, Deakins, Nash, Smoak, & Stewart, P.C., hereby submit their Reply in support of their Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. #36).

### I.    ARGUMENT

**A.    PLAINTIFFS HAVE NOT STATED A CLAIM FOR RETALIATION BECAUSE THEY HAVE NOT SUFFICIENTLY PLEADED THAT DEFENDANTS TOOK AN ADVERSE EMPLOYMENT ACTION AGAINST THEM**

    **1.    A Counterclaim Is Not an Adverse Employment Action Unless the Counterclaim is Baseless and Brought with Retaliatory Intent**

As explained in detail in Defendants' Motion (Doc. #36), the filing of a counterclaim by a defendant is not an adverse employment action, as it is impossible for a counterclaim to dissuade an employee from filing a lawsuit when the lawsuit has already been filed. *See*

1

*Robinson v. Dean Foods Co.*, 2009 WL 2382764, at *4 (D. Colo. July 30, 2009). The only scenario in which a defendant's counterclaim can form the basis for retaliation claim is where the counterclaim is "frivolous, baseless, or otherwise abusive." *Id.* at *5; *see also Bill Johnson's Rests. v. NLRB*, 461 U.S. 731, 744 (1983); *BE & K Const. Co. v. NLRB*, 536 U.S. 517, 528-37 (2002).

While Plaintiffs are correct when they state in their Response that counterclaims can constitute retaliation under the FLSA (Pls.' Resp. to Defs.' Mot. to Dismiss (Doc. #42) at 3-4), the cases they cite do not change the analysis set forth above. Defendants do not disagree that counterclaims *can* constitute retaliation under certain circumstances, but even the authority cited by Plaintiffs makes clear that those circumstances are limited to where the counterclaims are baseless and intended to be retaliatory. *See, e.g., Martin v. Gingerbread House, Inc.*, 977 F.2d 1405, 1406-08 (10th Cir. 1992) (finding that defendant's filing of a third party complaint was not unlawful retaliation under the FLSA where it was not baseless as a matter of fact or law) (citing *Bill Johnson's*, 461 U.S. at 748-49 (holding that the filing of a lawsuit by an employer is unlawful only if it is both baseless and was filed with a retaliatory motive)); *Munroe v. Partsbase, Inc.*, 2009 WL 413721, *7-9 (S.D. Fla. Feb. 18, 2009) ("The assertion of a claim in litigation *can sometimes* constitute unlawful retaliation" in circumstances where the claim is baseless.) (emphasis added); *Darveau v. Detecon, Inc.*, 515 F.3d 334, 343 (4th Cir. 2008) (employer's lawsuit filed with retaliatory motive and without reasonable basis in fact or law found to be actionable adverse employment action under the FLSA).

Plaintiffs also focus their legal arguments on whether a reasonable employee might be dissuaded from participating in this lawsuit, while completely ignoring the body of case law

addressing the specific circumstances found here – where the supposed adverse employment action is a *counterclaim*. Notably, Plaintiffs state in their Response that "[t]he question then is whether a reasonable person in the plaintiffs' position would be deterred from complaining . . . ," "[t]he reasonable answer is yes . . . ," and the counterclaims are "an obvious deterrent to [Plaintiffs'] continued involvement in this case." (Doc. #42 at 4-5). Plaintiffs offer absolutely no legal support for these statements, however, other than an excerpt from an EEOC policy manual which does not address the circumstance of the filing of counterclaims and in any case, is not binding upon this Court. In addition, while the Complaint alleges that "Defendants brought their counterclaim in order to harass and intimidate the Plaintiffs, interfere with their attempts to vindicate their rights . . . and/or to deter Plaintiffs . . . from seeking legal redress under the FLSA for unpaid wages," (Doc. #34),[1] *the Complaint does not allege that the Plaintiffs have been deterred from participating in the lawsuit*. Indeed, such an allegation is impossible to make in light of the fact that Plaintiffs filed this lawsuit and continue to participate in these proceedings.

Plaintiffs also cite inapplicable authority – related to issuing notice to a putative class once conditional certification has occurred – in order to attempt to show that Defendants' counterclaims are improper. *See Espenscheid v. DirectSat USA, LLC*, 2010 WL 2671585 (W.D. Wisc. June 30, 2010) (distinguishable from the instant case in that there, the counterclaims at issue were dismissed on supplemental jurisdiction grounds). Plaintiffs' reliance on this case, and their assumption that Defendants have asserted counterclaims purely for the purposes of impacting the notice to go to putative class members and to chill participation, is pure speculation which must not be considered or accepted by this Court.

---

[1] Plaintiffs' allegations that Defendants brought their counterclaims for the purposes of harassment, intimidation, etc. are mere conclusory assertions that are wholly unsupported by any actual facts.

In sum, in order to sufficiently plead the second element of an FLSA retaliation claim – that Defendants took an adverse employment action against Plaintiffs – Plaintiffs must allege more than just that Defendants filed counterclaims against them. Specifically, Plaintiffs must allege that Defendants' counterclaims are baseless and brought with retaliatory motive. Other than making unsupported and conclusory allegations which are insufficient to support their claim, Plaintiffs have failed to plead any actual facts alleging that Defendants' counterclaims are baseless or intended to be retaliatory.

    **2.**    **Plaintiffs Have Not Sufficiently Alleged, and Cannot Allege, that Defendants' Counterclaims Are Baseless and Retaliatory**

Plaintiffs do allege in their Complaint that Defendants' counterclaims "are frivolous and not brought in good faith," and that "Defendants brought their Counterclaims in retaliation . . . ." (Doc. #34, ¶¶ 87, 90.) These unsupported, threadbare allegations are insufficient to support Plaintiffs' claims, however, and therefore should not be considered or accepted by this Court. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

As explained in Defendants' Motion, for Plaintiffs to adequately allege that Defendants' counterclaims are baseless, Plaintiffs must allege that "controlling federal law bars the plaintiff's right to relief, . . . clear state law makes the case frivolous, or . . . no reasonable jury could [find] in favor of the plaintiff." *Bill Johnson's*, 461 U.S. at 754-55. Plaintiffs have made no such allegations in their Complaint, other than the unsupported conclusory allegations mentioned above. Further, to the extent Plaintiffs have attempted to argue – in Plaintiffs' Motion to Dismiss (Doc. #35), filed with this Court – that Defendants' counterclaims are barred by federal law, Plaintiffs' arguments fail, for the reasons set forth in Defendants' Response to Plaintiffs' Motion

4

(Doc. #43).[2]  As explained in Defendants' Response, Defendants' counterclaims are facially plausible.  (*See* Doc. #43.)  Further, any consideration of Plaintiffs' argument that Defendants' counterclaims should be dismissed on the basis that they are preempted by the FLSA is premature at this point in the proceedings, where the Court has yet to determine whether the FLSA even applies to Plaintiffs' claims.  (*See id.* at 16-19.)

In addition, Plaintiffs rely on *Yaw Adu Poku v. BeavEx, Inc.*, 2013 WL 5937414 (D.N.J. Nov. 1, 2013) as an example of a case where a court declined to grant a defendant employer's motion to dismiss the plaintiffs' retaliation counterclaim.  In that case, however, the court essentially based its finding that the plaintiffs could potentially succeed on their retaliation claim on the fact that the court had already dismissed the counterclaims brought by Defendants, a circumstance which has not occurred in this case.  *See id.* at *4.  Further, as explained in more detail in Defendants' Response to Plaintiffs' Motion to Dismiss, the court in *Yaw Adu Poku* dismissed the defendant's indemnification counterclaim based on the specific terms of the indemnification clause in that case (*id.* at *2), which differ materially from the indemnification provisions in the instant matter.  The holding in *Yaw Adu Poku* therefore is inapplicable to the circumstances found in this case.

Finally, even if Plaintiffs are able to sufficiently allege that Defendants' counterclaims are baseless (which they cannot do), they also must sufficiently plead that Defendants have brought their counterclaims because of a retaliatory motive.  Other than an unsupported and conclusory allegation that "Defendants brought their counterclaims in retaliation," Plaintiffs have wholly failed to make an allegation sufficient to survive scrutiny under the standards set forth in

---

[2] Rather than readdressing the same arguments already briefed by the parties, Defendants direct the Court to Document Nos. 35 and 43.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In sum, Plaintiffs have failed to plead sufficient facts to support their allegation that they were retaliated against under the FLSA, specifically that the counterclaims brought by Defendants subjected them to an adverse employment action.

## II.  CONCLUSION

For all of the reasons set forth above, Defendants respectfully requests that Plaintiffs' Fourth Claim for Relief be dismissed in its entirety pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief can be granted.

Respectfully submitted this 29th day of September, 2014.

        OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

        *s/ Stacy D. Mueller*
        Steven W. Moore
        Stacy D. Mueller
        Heidi K. Wilbur
        1700 Lincoln Street, Suite 4650
        Denver, CO  80203
        Telephone:  303.764.6800
        Facsimile:   303.831.9246
        steven.moore@ogletreedeakins.com
        stacy.mueller@ogletreedeakins.com
        heidi.wilbur@ogletreedeakins.com

        Attorneys for Defendants
        Act Fast Delivery of Colorado, Inc. and
        Powerforce of Colorado, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on 29th day of September, 2014, I electronically filed the foregoing **REPLY IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David W. Hodges
dhodges@kennedyhodges.com

Galvin B. Kennedy
gkennedy@kennedyhodges.com

John A. Neuman
jneuman@kennedyhodges.com

ATTORNEYS FOR PLAINTIFFS

*s/ Stacy D. Mueller*