**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Marcia S. Krieger**

**Civil Action No. 14-cv-00870-MSK-NYW**

**MICHAEL BRYANT, and**
**DOMINGO RUIZ,**

      Plaintiffs,

v.

**ACT FAST DELIVERY OF COLORADO, INC.;**
**POWERFORCE OF COLORADO, INC.,**

      Defendants.

**OPINION AND ORDER GRANTING MOTION FOR CONDITIONAL**
**CERTIFICATION and DENYING MOTIONS TO STRIKE**

      **THIS MATTER** is before the Court on the Plaintiffs' Motion for Conditional Certification and *Hoffman-La Roche* Notice **(#48)**, the Defendants' Response **(#59)**,[1] and the Plaintiffs' Reply **(#63)**.[2]

## I. Background

      The Defendants, Act Fast Delivery of Colorado, Inc. and Powerforce of Colorado, Inc.,[3] provided delivery services for businesses operating in Colorado. The Defendants were based in Denver, Grand Junction, Pueblo, Cortez, Fort Collins, and Greely.

---

[1] The Defendants also filed a Supplemental Response **(#77)** and the Plaintiffs filed a Supplemental Reply **(#80)**. For reasons discussed below, these pleadings were not considered in resolving this motion.

[2] Also pending are the Defendants' Motion to Strike Portions of the Plaintiffs' Supplemental Reply **(#87)** and Motion to Strike Plaintiffs' Second Supplemental Exhibit **(#92)**.

[3] Defendant Powerforce is the successor in interest to Defendant Act Fast Delivery. According to the Complaint, Powerforce assumed operations for Act Fast in Colorado in 2012. For all practical purposes, however, the operation of the business remained the same. For example,

The Plaintiffs, Michael Bryant and Domingo Ruiz, are former delivery drivers of the Defendants. For the duration of their employment by the Defendants, Mr. Ruiz and Mr. Bryant were assigned to provide deliveries for OmniCare Pharmacy. Mr. Ruiz and Mr. Bryant primarily delivered prescription drugs and medical equipment to nursing homes. The Defendants set their schedules, which typically required them to work 50 hours per week. During their shifts, the Plaintiffs were required to report to OmniCare's warehouse, pick up a set of deliveries, make those deliveries according to OmniCare's instructions, and then return to the warehouse for their next set of deliveries. This process was repeated until the end of the shift. Mr. Ruiz made deliveries in Pueblo and Mr. Bryant made deliveries in Pueblo and in the Denver area.

The Defendants classified the Plaintiffs as "independent contractors" and paid them based a predetermined rate for each delivery they completed. The only way that the Plaintiffs could make more money was to make more deliveries. They were not compensated for travel time nor for hours in excess of 40 worked in a week. In addition, the Defendants maintained control over the Plaintiffs' schedules, training, supervision, directing how to perform the work, and discipline. For example, the Defendants required the Plaintiffs to log-in for every shift though a portable scanner or on their cell phones; to complete paperwork for every delivery; and to wear a shirt with the company logo while on duty. The Plaintiffs allege that they were required to work so many hours that they were effectively precluded from working for any other employer. According to the Plaintiffs, the only skills required to be a delivery driver are the ability to drive a car and use a cell phone.

The Plaintiffs allege that although the Defendants classified them as "independent contractors," they were actually the Defendants' "employees," and were therefore subject to the

---

Powerforce retained the same workforce, imposed the same working conditions, and serviced the same customers.

protections afforded by the Fair Labor Standards Act (FLSA). Under this legal premise, the Plaintiffs assert that the Defendants violated the FLSA, 29 U.S.C. §§ 206(a), 207(a), by failing to pay them minimum wage and overtime compensation. The Plaintiffs also assert a claim under the Colorado Wage Claim Act, Colo. Rev. Stat. §§ 8-4-101, *et seq.*[4]

The Plaintiffs now seek to certify this action as a "collective action," brought on behalf of all current and former delivery drivers who performed work for the Defendants in Colorado during the three-year period before the filing of the complaint up to the date the court authorizes notice. The Plaintiffs allege that the Defendants had a company-wide policy of classifying their delivery drivers as independent contractors and therefore improperly denied other drivers minimum wage and overtime compensation.

## II. Analysis

Section 216(b) of the Fair Labor Standards Act provides a unique procedural mechanism allowing "collective" actions for minimum wage and/or overtime violations. These actions "may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." *Id.* Unlike class actions under Rule 23 of the Federal Rules of Civil Procedure, an FLSA "collective class" includes only individuals who expressly opt in to the class in writing. *Id.*

The Tenth Circuit has approved the use of a two-step, case-by-case process for determining whether putative employees are "similarly situated" to the named plaintiff(s) for purposes of § 216(b). *See Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1102-1105 (10th Cir. 2001). At the first step, the Court must make an initial "notice" determination of whether the named plaintiff(s) and the opt-in "class" are "similarly situated." *Id.* at 1102. That is, the

---

[4] The Plaintiffs also asserted a claim for retaliation under 29 U.S.C. § 215(a)(3), but that claim has since been dismissed. *See* Docket #74.

Court must determine whether a collective action should be certified for purposes of sending notice of the action to potential class members. This determination requires "nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan." *Id.* The Court need only consider the substantial allegations of the complaint, along with any supporting affidavits or declarations. *See Id.* At the conditional certification stage, the Court does not weigh evidence, resolve factual disputes, or rule on the merits of the plaintiffs' claims. The standard at the notice stage is "fairly lenient." *Thiessen*, 267 F.3d at 1103. If the Court conditionally certifies the class, putative class members are provided with notice and the opportunity to opt in to the action, and the matter proceeds as a representative action throughout discovery. *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 164, 170-71 (1989); *Hipp v. Liberty Nat. Life Ins. Co.*, 252 F.3d 1208, 1218 (11th Cir. 2001).

The second step for class certification under § 216(b) demands a higher level of scrutiny. At the second step, often prompted by a motion to decertify by the defendant at the conclusion of discovery, the Court examines the "disparate factual and employment settings of the individual plaintiffs." *Thiessen*, 267 F.3d at 1102-03. The Court analyzes several factors, including (1) disparate factual and employment setting of the individual plaintiffs; (2) the various defenses available to the defendant, which appear to be individual to each plaintiff; (3) fairness and procedural considerations; and (4) whether the plaintiff made any requisite statutory filings before bringing suit. *Id.* at 1103.

Here, the Plaintiffs request that the Court conditionally certify the following "opt-in" class:

> [a]ll current and former delivery drivers classified as independent contractors who performed work for Defendants in Colorado during the three-year period before the filing of this Complaint up to the date the court authorizes notice.

4

Plaintiffs allege that they have "actual knowledge," that other "similarly situated" drivers in Colorado have also been denied minimum wage and overtime compensation by the Defendants. They allege that their experiences with regard to their pay, hours, and duties are "typical" of other drivers. In support of the allegations contained in the complaint, the Plaintiffs submit their own declarations along with the declarations of three potential opt-in plaintiffs, Gabriel Arellano, David Barron, and Jacob Kepford. Each declaration is nearly identical, except for a few details regarding the declarant's dates of employment and specific shifts worked.

The Defendants do not dispute that they have a policy of classifying their delivery drivers as independent contractors. Rather, the Defendants oppose conditional certification by attacking the supporting declarations and citing to contradictory evidence to demonstrate factual inconsistencies in the declarations. The Defendants also argue that this action is not suited for a collective action because the individual circumstances of each opt-in plaintiff will dictate whether they are independent contractor or employees.

The Defendants appear to misconstrue the role of the Court at this juncture.[5] As noted, the Court does not weigh evidence or resolve factual disputes at the first stage of certification.

---

[5] The parties' protracted disputes regarding which exhibits and pleadings the Court may consider in deciding this motion highlight the misunderstanding. In October 2014, the Plaintiffs filed the instant motion with supporting declarations. Later, on November 5, 2014, the Plaintiffs filed (without leave of the Court) another supporting declaration, by Rafiel Thomas. The Defendants did not object to the filing of this declaration. After briefing on the motion had closed, however, the Defendants had an opportunity to depose Mr. Thomas. They then filed a supplemental response to the motion, solely for the purpose of referring to Mr. Thomas's declaration and attacking its evidentiary value. The Plaintiffs filed a supplemental reply. Then, on April 20, 2015, the Plaintiffs filed yet another supporting declaration (again, without leave of the Court), this one by Ashley Washington. The Defendants now move to strike (1) the Plaintiffs' supplemental reply because it purportedly raises new arguments, and (2) Ms. Washington's declaration because it was filed after the close of briefing. The Court has viewed both Mr. Thomas's and Ms. Washington's supplemental declarations and concludes that they do not alter the Court's analysis or conclusion with regard to this motion. The Court therefore does not consider those exhibits in resolving this motion nor does it consider any of the parties'

Nor does the Court apply the economic realities test to the individual circumstances of the Plaintiffs or potential opt-in plaintiffs. Instead, it simply considers whether sufficient allegations have been made, supported by affidavits or declarations, to show that there are individuals "similarly situated" to the named plaintiffs. Thus, whether or not the declarants made inconsistent statements in their subsequent depositions is irrelevant at this time.

Having considered the allegations contained in the Amended Complaint and the supporting declarations, the Court finds that the Plaintiffs have failed to make substantial allegations that *all* of the Defendants' delivery drivers in Colorado are similarly situated to themselves. Although it is undisputed that the Defendants uniformly classify their delivery drivers as "independent contractors," thus arguably subjecting them to a single policy, the primary dispute in this case concerns whether delivery drivers are actually the Defendants' "employees."

The Plaintiffs cannot succeed on their claims for violations of the FLSA unless they establish this threshold issue. In making this legal determination, the Court must apply the "economic realities" test, which focuses on the totality of the circumstances with regard to whether a worker is economically dependent on the business to which he renders service. *See Barlow v. C.R. England, Inc.*, 703 F.3d 497, 506 (10th Cir. 2012); *Dole v. Snell*, 875 F.2d 802, 805 (10th Cir. 1989). Thus, the purposes of an FLSA collective action — such as efficient resolution of common claims and lower individual costs associated with litigation — are served here only if the Plaintiffs allege that the potential opt-in plaintiffs are similarly situated to themselves with regard to the circumstances of their working conditions.

---

supplemental briefing with regard to them. The Defendants' Motions to Strike **(#87 & #92)** are denied as moot.

The allegations in the complaint regarding other drivers are largely conclusory and vague, stating only that the experiences of Mr. Bryant and Mr. Ruiz are "typical" of potential class members. The Plaintiffs state that "through [their] discussions with similarly situated drivers," they know that other drivers throughout Colorado were not paid overtime for hours worked in excess of 40 hours per week. The supporting declarations do not support the Plaintiffs' allegations. The supporting declarations establish that although each declarant was typically required to work more than 50 hours per week and did not receive overtime compensation, they all worked for the same customer, OmniCare, and only one declarant, Mr. Arellano, stated that he made deliveries outside of the Pueblo and Denver areas (he delivered in Colorado Springs, Durango, and Alamosa). Other than the Plaintiffs' conclusory allegations, there is no indication that drivers serving any of the Defendants' other numerous customers throughout Colorado were required to work hours or under circumstances similar to the Plaintiffs. The Court therefore declines to conditionally certify this case as a collective action under the broad parameters suggested by the Plaintiffs.

Instead, the Court finds that the substantial allegations of the complaint and supporting declarations establish that only those delivery drivers who worked for the Defendants servicing OmniCare Pharmacy are similarly situated to the Plaintiffs for purposes of conditional certification. Accordingly, the Plaintiffs' Motion for Conditional Certification is **GRANTED**, subject to the limitation that the potential opt-in group includes only those drivers who provided deliveries for OmniCare.

In light of the Court's conclusion that conditional certification of this action is appropriate, the Plaintiffs may disseminate notice and consent forms to potential opt-in members. Within ten days of the date of this Order, the Defendants shall disclose to the Plaintiffs contact

information of current and former drivers during the applicable three-year period, including last known home addresses, phone numbers, and email addresses (if applicable), but shall not disclose drivers' personal information, such as social security numbers.

The Plaintiffs have submitted a proposed Notice and Consent Forms for the Court's review, and have made several requests with regard to the manner of dissemination. "Under the FLSA, the Court has the power and duty to ensure that the notice is fair and accurate, but it should not alter plaintiffs' proposed notice unless such alteration is necessary." *See Smith*, at *7. The Defendants object to the Plaintiffs' proposed notice and manner of dissemination as follows. Having reviewed the proposed notice and considered the Defendants' objections, the Court **APPROVES** the Notice subject to the following modifications:

- The Notice shall be amended to accurately reflect the parameters of the group of potential opt-in plaintiffs as discussed above.

- The Notice shall indicate that the recipient has 45 days to respond.

- Because this is a "collective action," not a "class action," the Notice shall be amended to omit reference to the "class" or "class members."

The Plaintiffs may disseminate the Notice and Consent Forms once to each potential opt-in plaintiff via mail or e-mail, but if e-mail is used, the Consent Form must be printed, signed, and returned via regular post (third-party electronic consent forms shall not be used).

### III.  Conclusion

For the forgoing reasons, the Plaintiffs' Motion for Conditional Certification and *Hoffman-La Roche* Notice **(#48)** is **GRANTED** and the Notice and Consent Forms are **APPROVED**, subject to the limitations and modifications discussed above. The Defendants' Defendant's Motion to Strike Portions of the Plaintiffs' Supplemental Reply **(#87)** and Motion to Strike Plaintiffs' Second Supplemental Exhibit **(#92)** are **DENIED AS MOOT**.

Dated this 18th day of June, 2015.

                              **BY THE COURT:**

                              Marcia S. Krieger
                              Chief United States District Judge